[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11332
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cr-00129-GAP-TBS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH LAMAR BELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 18, 2020)

Before WILSON, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Kenneth Bell appeals his convictions for: (1) aiding and abetting the possession of cocaine, cocaine base, and 40 grams or more of fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (C), and 18 U.S.C. § 2; (2) possession of a firearm or ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On appeal Bell argues there was insufficient evidence presented at trial to support all three of his convictions. After review,[1] we affirm.

As brief background, the charges against Bell arose out of his involvement in a drug-distribution operation. On the day in question, an agent with the Orange County Sheriff's Office initiated a traffic stop of a vehicle. The two occupants of the vehicle fled and were eventually apprehended. Upon searching the vehicle, law enforcement recovered a significant amount of narcotics, $1,300 in cash, and a magazine, discovered in the passenger-side door, for a 9-millimeter Smith &

---

[1] Generally, the sufficiency of evidence presented at trial to support a criminal conviction is a question of law we review *de novo*. *United States v. Diaz*, 248 F.3d 1065, 1084 (11th Cir. 2001). The government, however, argues Bell failed to argue his motion for judgment of acquittal with sufficient specificity as to his conviction for aiding and abetting the possession of controlled substances and raised different arguments with respect to his firearms convictions than those raised on appeal. The government therefore argues we should reverse Bell's convictions only if we find plain error. *See United States v. Batson*, 818 F.3d 651, 664 (11th Cir. 2016) ("When a defendant raises specific challenges to the sufficiency of the evidence in the district court, but not the specific challenge he tries to raise on appeal, we review his argument for plain error."). At trial, Bell's counsel stated his motion was "for each offense," but he focused his argument on the two firearms offenses and offered specific arguments as to only those charges. We need not resolve the issue here, as we would affirm Bell's convictions even reviewing the sufficiency of the evidence *de novo*.

2

Wesson firearm. Along the route the two occupants had fled, law enforcement recovered, among other items, a backpack containing cocaine, individual bags used to package narcotics, lactose—which is typically used to mix and cut cocaine—and about $2,000 in cash. A firearm was also recovered near the backpack on the doorstep of a building, and the firearm contained a magazine identical to the one recovered from the passenger-side door. Bell's codefendant, Aaron Hinton, who claimed to have been driving the vehicle, pled guilty and testified at Bell's trial.

In evaluating the sufficiency of the evidence, we view the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor. *United States v. Frazier*, 605 F.3d 1271, 1278 (11th Cir. 2010). This question involves whether a reasonable fact-finder could have determined that the evidence proved the defendant's guilt beyond a reasonable doubt. *United States v. Smith*, 459 F.3d 1276, 1286 (11th Cir. 2006). We will not disturb the verdict unless no reasonable trier of fact could find guilt beyond a reasonable doubt. *United States v. Lee*, 603 F.3d 904, 912 (11th Cir. 2010).

We first address Bell's conviction for aiding and abetting the possession of controlled substances. Bell argues there was insufficient evidence to convict him with aiding and abetting the distribution of cocaine because there was no evidence that he helped his codefendant obtain the cocaine or that he exercised any control

3

or possession over it.  To be guilty of aiding and abetting, the prosecution must show (1) that a substantive offense was committed; (2) the defendant contributed to and furthered the offense; and (3) the defendant intended to aid in its commission.  *United States v. Tagg*, 572 F.3d 1320, 1324 (11th Cir. 2009).  In order to prove that a defendant possessed narcotics with an intent to distribute, the government must show that the defendant had knowing possession of the drugs and intent to distribute them. *United States v. Capers*, 708 F.3d 1286, 1301 (11th Cir. 2013).  Moreover, for possession and intent to distribute there must be evidence connecting the defendant with both aspects of the crime, possession and intent to distribute.  *Id.* at 1307.

The record shows there was sufficient evidence from which a reasonable jury could find beyond a reasonable doubt Bell aided and abetted the possession of controlled substances with the intent to distribute.  The jury heard testimony from several witnesses, including two law-enforcement officers from the Orange County Sheriff's Office and Bell's codefendant, Hinton.  That testimony showed Bell at one point possessed the backpack that was found to have drugs, small bags, and cash in it; he helped "serve customers" out of the backpack in a car that had a large amount of drugs, small bags, and cash in it; and he helped bag the drugs in a hotel room that he rented.  Bell argues the backpack that contained the contraband was not tested for his DNA, but this is not a reason to disturb the jury's verdict.  The

government was under no obligation to tie Bell to the backpack through anything beyond the testimony it presented.

Moving on to Bell's firearms convictions, Bell argues there was insufficient evidence that he possessed a firearm because law enforcement officials never observed him with an actual firearm, nor were his fingerprints found on any of the guns recovered. Under § 922(g)(1), the government must prove that (1) the defendant was a convicted felon; (2) that the defendant knew he was in possession of a firearm; and (3) that the firearm affected or was in interstate commerce. *United States v. Jernigan*, 341 F.3d 1273, 1279 (11th Cir. 2003). In order to sustain a conviction under § 924(c)(1), the government must prove three elements: that the defendant (1) used or carried a firearm; (2) during; and (3) in relation to any . . . drug trafficking crime. 18 U.S.C. § 924(c)(1)(A).

Here, again, there was sufficient evidence from which the jury was entitled to find Bell guilty of possessing a firearm as a convicted felon and in furtherance of a drug trafficking crime. Hinton testified that when they were pulled over and decided to flee, Bell said he was taking "the bag and the fire"—"fire" meaning gun—with him. Hinton further testified he heard something hit the roof of a building and then slide off as they fled, and an officer later recovered a firearm on a doorstep near where the backpack was recovered. Hinton identified the recovered firearm as one he had seen on the passenger-side floorboard of the

5

vehicle, and a magazine was found in the passenger-side door that matched the magazine found in the recovered firearm.

From this evidence, the jury was entitled to conclude that Bell, at the very least, constructively possessed the firearm and did so in furtherance of the drug-trafficking crime discussed above. *See United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004) (noting a defendant may possess a firearm either actually or constructively and that "[t[he firearm need not be on or near the defendant's person in order to amount to knowing possession"). That the evidence giving rise to this reasonable conclusion was circumstantial is of no moment. *See id.* ("Possession can be shown by circumstantial as well as direct evidence."). And, as with the above-discussed controlled-substance conviction, there is no requirement that the government present forensic evidence tying Bell to the firearm.

Bell also generally argues, as to all his convictions, that we should discount his codefendant's testimony because he testified in exchange for a lesser sentence. However, the jury was aware Hinton had pled guilty and agreed cooperate with the government, and it was for the jury to decide if and how that information affected his credibility. *See United States v. Clay*, 832 F.3d 1259, 1294 (11th Cir. 2016) ("The jury has exclusive province over the credibility of witnesses, and we may not revisit the question.").

Accordingly, and for the reasons stated above, we affirm Bell's convictions and sentences.

**AFFIRMED.**